IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00262-CNS-MDB

REX A. FREDERICKSON,

    Plaintiff,

v.

DUSTIN KENNETH,
LARIMER COUNTY (Code Compliance),
CHAD GREY (Building and Code Compliance Coordinator),
MICHAEL J. WEISS, and
OTHER UNKNOWN ACTORS OR CONSPIRATORS,

    Defendants.

## ORDER

Before the Court is Plaintiff Rex A. Frederickson's Objection to the United States Magistrate Judge's Recommendation (ECF No. 75) that the Court grant Defendants Larimer County (Code Compliance) and Chad Grey's (Building and Code Compliance Coordinator) Motion to Dismiss (ECF No. 44). For the reasons set forth below, the Court OVERRULES the Objection, AFFIRMS and ADOPTS the Recommendation, and GRANTS the Motion to Dismiss.

### SUMMARY FOR PRO SE PLAINTIFF

The Magistrate Judge recommended granting the motion to dismiss. You objected to the Magistrate Judge's recommendation. The Court overrules your objection, affirms the Magistrate Judge's recommendation, and grants the motion to dismiss for two main reasons. First, your

1

objection largely recites various legal concepts and statutes, without adequately explaining how they apply to your case or the Magistrate Judge's recommendation. Second, to the extent that you object to the Magistrate Judge's conclusions, your objections are not specific, and fail to adequately address her well-reasoned and thorough explanations for recommending why dismissal of your claims is appropriate.

## I. BACKGROUND

The Magistrate Judge summarized the case's background and Third Amended Complaint's factual allegations, which the Court incorporates into its Order (ECF No. 75 at 2-6). The Magistrate Judge recommended granting the Motion to Dismiss on February 15, 2023 (*see generally id.*). Plaintiff objected to the Magistrate Judge's Recommendation (ECF No. 80).

## II. STANDARD OF REVIEW AND LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations are read in "the context of the

entire complaint." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (quotation omitted). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

### III. ANALYSIS

Having considered the Magistrate Judge's Recommendation, Plaintiff's Objection, the Third Amended Complaint, the Motion to Dismiss, case file, and relevant legal authority, the Court overrules the Objection, affirms and adopts the Recommendation, and grants the Motion to Dismiss.

In recommending that the Court grant the dismissal motion, the Magistrate Judge's Recommendation is thorough and well-reasoned (*see* ECF No. 75). Plaintiff's Objection to the

Magistrate Judge's Recommendation is largely a recitation of general legal principles and citations to various statutory authorities (*see* ECF No. 80 at 3–6). For instance, Plaintiff summarizes the Fifth Amendment and the Fair Housing Act (*id.* at 5). Plaintiff's summaries and recitations of various legal principles and statutes are not sufficient objections to the Recommendation: they do not focus on the "factual and legal [] that are at the heart of the parties' dispute" as analyzed and discussed in the Magistrate Judge's Recommendation. *2121 East 30th Street*, 73 F.3d at 1059–60.

To the extent that Plaintiff discusses the Recommendation's analysis, he does so in similarly unspecific terms. For example, Plaintiff objects to the Magistrate Judge's conclusion that Larimer County Code Compliance Unit cannot be sued because "it is not a separate body" on the grounds that "this matter should be presumed," and certain "affidavits files" suggest that various statutes "may also apply" (ECF Nos. 75 at 11, 80 at 1). In discussing the Magistrate Judge's conclusion regarding *Monell* liability and the Third Amended Complaint's failure to allege any custom, policy, or practice, Plaintiff appears to argue—without identifying any specific policy— that a "mundane policy" permits violations of law (ECF Nos. 75 at 13, 80 at 2–3). This is also not specific enough to constitute adequate objections to the Magistrate Judge's Recommendation. *See 2121 East 30th Street*, 73 F.3d at 1059–60. At bottom, the Magistrate Judge's Recommendation is thorough, well-reasoned, and the Court discerns no clear error on the face of the record. Plaintiff fails to persuade otherwise.[1]

---

[1] Plaintiff states that certain legal principles are "beyond [his] ability to express," and that he is "over worked and over loaded without the additional workload of researching and absorbing the work load of this lawsuit" (ECF No. 80 at 2). The Court is sensitive to Plaintiff's position. Nonetheless, Plaintiff, proceeding pro se, must "follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotations omitted). And the Court has already liberally construed Plaintiff's numerous filings in this case, including permitting him an extension of time to file his Objection (ECF No. 79).

## IV. CONCLUSION

Consistent with the above analysis, the Court OVERRULES the Objection (ECF No. 80), AFFIRMS and ADOPTS the Recommendation (ECF No. 75), and GRANTS the Motion to Dismiss (ECF No. 44).

DATED this 29th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge