IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–00262–CNS–MDB

REX A. FREDERICKSON,

    Plaintiff,

v.

MICHAEL J. WEISS,
AND OTHER UNKNOWN ACTORS OR CONSPIRATORS,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter comes before the Court *sua sponte* due to Plaintiff's failure to effectuate service on Defendant Michael Weiss and failure to show good cause for the lack of service in his responses to the Order to Show Cause Pertaining thereto. (*See* Doc. No. 76.) The Court respectfully **RECOMMENDS** dismissing Plaintiff's claims against Defendant Weiss without prejudice.

### *PRO SE* SUMMARY

The Court is recommending that your claims against Defendant Michael J. Weiss be dismissed without prejudice. If the presiding judge agrees to dismiss without prejudice, you may be able to reassert your claims against Defendant Weiss in a new legal action. You have not served Defendant Weiss within the period allowed by the Federal Rules of Civil Procedure, and

the Court does not see a reason to allow you additional time. This is only a summary of the Court's recommendation, which you should read in full below.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed his Third Amended Complaint on May 2, 2022, naming Mr. Weiss as one of several defendants. (Doc. No. 41 at 6.) The Third Amended Complaint alleges that Mr. Weiss, along with other the defendants, "conspired to deprive Mr. Frederickson of his property by way of threat, extortion, and harassment," and "has run a campaign of systematic harassment and intimidation against Mr. Frederickson" on the internet, in connection with Plaintiff's status as registered sex offender. (*Id.* at 2, 11, 14.) The Third Amended Complaint brings ten claims against the named defendants and "other unknown actors and conspirators," asserting violations against Plaintiff's First, Fifth, and Fourteenth Amendment rights, a conspiracy to violate his constitutional rights, pursuant to 42 U.S.C. § 1983, violations of his statutory rights, pursuant to 42 U.S.C. §§ 1985 and 1986, and violations of Colorado state law. (Doc. No. 41 at ¶¶ 18–36.)

On February 15, 2023, this Court recommended that the Honorable Charlotte N. Sweeney grant Defendants Larimer County and Chad Grey's Motion to Dismiss, dismissing all remaining named defendants except Defendant Weiss.[1] (Doc. No. 75; *see* Doc. No. 44.) At the time of the Recommendation, though the window for timely service had passed, Defendant Weiss had yet to be served in this matter. (*Id.* at 1 n.1.) Accordingly, contemporaneous with the Court's Recommendation, the Court issued an Order to Show Cause, directing Plaintiff to show good

---

[1] The Court recommended that Plaintiff's *Monell* claim against Larimer County, Fifth Amendment claims, and claims brought pursuant to 42 U.S.C. §§ 1985 and 1986 be dismissed without prejudice. (Doc. No. 75 at 14, 17, 27.)

2

cause for his failure to serve Defendant Weiss timely. (Doc. No. 76.) In the Order, Plaintiff was warned that if he "fail[ed] to show good cause for his failure to effect service of Defendant Weiss, the Court will recommend the dismissal of Defendant Weiss from this action without further notice." (*Id.* at 2.)

Plaintiff made several filings following the Order to Show Cause. First, on February 28, 2022, Plaintiff filed an "Answer to Motion to Show Cause." The filing did not specifically reference Plaintiff's failure to serve Defendant Weiss. However, Plaintiff did state that he "had extremely limited time consulting with the Pro Se clinic and [had] been afforded no more then [sic] 2 hour[s] on separate occasions" since October 2022 and that "plaintiff requests additional time to perfect further submission's [sic]."[2] (Doc. No. 77 at 1.)

On the same day, Plaintiff filed an "Answer to Motion to Show Cause Concerning Service of Parties." (Doc. No. 78.) In this response, Plaintiff appears to contend that Defendant Weiss was aware of the case, but Plaintiff had been unable to locate Defendant Weiss's address and personally serve him. (*Id.*) Instead, Plaintiff contended that Defendant Weiss had been served by "published notice":

> Notice to defendant Michael J. Weiss … [w]as performed in a published notice as the defendant is out of state and has avoided service by confusing his location VIA use of the internet. Notice was replied to and mocked by the defendant.
>
> The published notice and response was made by the owner of the youtube channel. The belief the owner of the channel is indeed Michael J. Weiss, however locating his address or further information is hampered by the veil created by the internet….

---

[2] In response to these statements, Judge Sweeney granted Plaintiff nearly a month-long extension to file an objection to the Court's Recommendation as to Larimer County and Chad Grey's Motion to Dismiss. (Doc. No. 79.)

3

I thereby declare the act of notice has been in fact given to the defendant[.]

(*Id.*) Plaintiff did not include any exhibits or otherwise submit evidence to support his assertions.

On March 26, 2023, Plaintiff submitted another "Answer to Motion to Show Cause." (Doc. No. 81.) Plaintiff again asserted that Defendant Weiss "has received legal notice of the legal action." (*Id.* at 1.) Plaintiff acknowledged Defendant Weiss had not been personally served,[3] but rather was aware of the case due to "public notice," and had acknowledged the case in YouTube posts. (*Id.*) Plaintiff did not provide evidence for these assertions. Plaintiff also stated he was advised by the "Pro Se Clinic" to file a motion for "the LEAVE FOR USE OF PUBLIC NOTICE" in order to effectuate the service of Mr. Wiess. (*Id.*)

On March 27, 2023, Plaintiff filed a "Motion for Leave to Use Public Notice." The motion did not provide additional detail and was denied by the Court for failure to comply with D.C.COLO.LCivR 7.1(a) and because "the Court [was] unclear as to what relief Plaintiff is seeking." (Doc. No. 83, 86.) Later the same day, Plaintiff filed a new motion for "Leave for Use of Public Notice." (Doc. No. 87.) This filing was identical to Plaintiff's March 26 "Answer to Motion to Show Cause" except that it struck the original title. (*Id.*) The Court again denied the motion for failure to comply with D.C.COLO.LCivR 7.1(a). (Doc. No. 89.)

On March 29, 2023, the Honorable Charlotte N. Sweeney accepted the Court's Recommendation regarding Larimer County and Chad Grey's motion to dismiss and ordered those defendants be dismissed from this action. (Doc. No. 90.) Plaintiff has not made a filing in the case since Judge Sweeney's Order.

---

[3] Plaintiff made an unclear statement that "notice had been delivered to" a neighbor of Mr. Wiess and then passed to Mr. Weiss but did not expand on the assertion nor provide evidence supporting it. (Doc. No. 81 at 1.)

4

## LEGAL STANDARD

A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.") (citation omitted); *Okla. Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").

Fed. R. Civ. P. 4 governs service of a summons and complaint in federal court. Pursuant to Rule 4(c), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c). Rule 4(m) provides, in pertinent part,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Though he proceeds *pro se*, Plaintiff is not excepted from this rule. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (stating that *pro se* litigants "must follow the same rules of procedure that govern other litigants." Generally, good cause requires the moving party to establish that the initial deadline cannot be met, despite her diligent efforts.

5

*Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). In *Scott*, the court set forth the required inquiry a court must make before dismissing a case pursuant to Rule 4(m):

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service.... If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point, the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

216 F.3d at 912 (quoting *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995)).

## ANALYSIS

In this case, and with respect to Defendant Weiss, the original service deadline expired in May 2022. (*See* Doc. No. 1.); *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he [90-] day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."). The Court directed Plaintiff to show good cause for his failure to timely serve Defendant Weiss, and warned Plaintiff that failure to show good cause could result in dismissal. (Doc. No. 76.) While Plaintiff did submit responses to the Order (*see* Doc. Nos. 76; 77; 81), none of those responses are sufficient to avoid a recommendation of dismissal, and the Court will explain why. First, while Plaintiff made several claims that Defendant Weiss had been served by "public notice," Plaintiff did not attempt to provide evidence of such notice (either attached to his responses or as separate docket entries), nor did he make any attempt to explain why such notice was procedurally sufficient in this case.[4] (*See* Doc. Nos. 78, 81.) Further, Plaintiff seems to assert that he effected

---

[4] Likewise, Plaintiff's motions for leave to serve Defendant Weiss by "public notice" do not attempt to make a legal argument as to why such method of service is sufficient or necessary in this case. (Doc. Nos. 83; 87.)

service by mail, and/or that Defendant Weiss's neighbor received the notice, but his assertion is unexplained, not supported by any evidence, and lacks any discussion of the legal basis for serving Defendant Weiss by mail. (Doc. No. 81 at 1.) Finally, other than describing his general trouble locating Defendant Weiss, Plaintiff's responses do not attempt to explain why his failure to serve Defendant Weiss was excusable. Plaintiff's responses also do not demonstrate that additional time for service is likely to result in successful service.

In some sense, Plaintiff has already received a de facto extension. Six months have passed since the Order to Show Cause without any indication that Plaintiff has continued his efforts to serve Defendant Weiss, let alone that Defendant Weiss has been served. Indeed, Plaintiff has not made a filing in the case in nearly five months. *See generally Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1144 (D. Colo. 2020) (The prosecution of this lawsuit, including service on the defendants, is ultimately Plaintiff's responsibility." (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007)). Though the Court acknowledges Plaintiff's *pro se* status, and construes his pleadings liberally, Plaintiff has not demonstrated good cause for the failure to serve, or for an extension, and the Court is concerned that allowing any additional time for service will only result in more delay.

## CONCLUSION

Accordingly, the Court respectfully **RECOMMENDS** that the claims against Defendant Weiss be **dismissed without prejudice**.

# ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of August, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge